IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                      PLAINTIFF/RESPONDENT

VS.              Case No. 6:16-CR-60015-SOH-MEF-1

RASHEEN MURDOCK                              DEFENDANT/MOVANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Defendant/Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed on July 7, 2021. (ECF No. 151). The United States filed its response on August 11, 2021. (ECF No. 153). Defendant/Movant has not filed a reply. The matter is ready for report and recommendation.

## I.     BACKGROUND

On May 11, 2016, Defendant/Movant, Rasheen Murdock ("Murdock"), was named in an Indictment charging him with conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. (ECF No. 1). Murdock was arrested in Modesto, California on August 19, 2016 (ECF No. 33), and Rule 5 documents were received from the Eastern District of California on August 29, 2016 (ECF No. 26). Murdock appeared for arraignment on October 3, 2016, at which time he entered a not guilty plea to the Indictment. (ECF No. 29). Travis J. Morrissey ("Morrissey"), a CJA Panel attorney, was appointed to represent Murdock. (ECF No. 29; Text Only Order entered October 3, 2016). The case was set for jury trial on October 26, 2016. (ECF No. 30). Morrissey filed a Motion for Continuance (ECF No. 31) on October 3, 2016, and it was

1

granted by an Order (ECF No. 32) entered on October 4, 2016. The jury trial was reset for February 2, 2017.

On January 26, 2017, Morrissey filed a second Motion for Continuance (ECF No. 42), indicating that he was involved in plea negotiations with the United States Attorney and needed more time to review any proposed plea agreement. The continuance was granted on January 27, 2017, and the jury trial was reset for May 3, 2017. (ECF No. 43). On April 24, 2017, Morrissey filed a third Motion for Continuance (ECF No. 51), again indicating he was involved in plea negotiations with the United States Attorney and needed more time to review any proposed plea agreement. The continuance was granted on the same date, and the jury trial was reset for August 9, 2017. (ECF No. 52). A similar Motion for Continuance (ECF No. 55) was filed by Morrissey on July 18, 2017, and it was granted by Order entered on July 19, 2017 (ECF No. 56), with the jury trial being reset for September 25, 2017.

On September 13, 2017, a Superseding Indictment was issued by the Grand Jury charging Murdock with one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and one count of aiding and abetting in the distribution of more than 50 grams of actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii), and 18 U.S.C. § 2. (ECF No. 57). The following day, Morrissey filed a Motion for Continuance of the jury trial set for September 25, 2017, so he could confer with Murdock about the Superseding Indictment. (ECF No. 61). The continuance was granted by Order entered on September 15, 2017, and the jury trial was reset for December 7, 2017. (ECF No. 62). Murdock was arraigned on the Superseding Indictment on September 21, 2017, and he entered a not guilty plea to the Superseding

Indictment. (ECF No. 65).

On November 20, 2017, Morrissey filed a Motion for Continuance (ECF No. 66), indicating that a short continuance of the jury trial may prove to be fruitful in plea negotiations. A continuance was granted on November 27, 2017, with the jury trial being reset for February 26, 2018. (ECF No. 67).

Morrissey filed a Motion for Detention Hearing on January 12, 2018. (ECF No. 69). A detention hearing was held by Magistrate Judge Barry A. Bryant on January 25, 2018. (ECF No. 73). Murdock was ordered detained (*Id.*), and a separate Order for Detention (ECF No. 74) was entered on January 25, 2018.

On February 15, 2018, Morrissey filed a Motion for Continuance (ECF No. 82), in which he referred to a letter (ECF No. 82-1) received by the United States Attorney from Co-Defendant, Remando Dorn, stating that Murdock was innocent of any crime relating to the investigation, and indicating that the Government may be looking to file an additional charge claiming the letter was obtained through coercion. Morrissey requested more time to confer with Murdock regarding this development, to prepare for a potential new charge, and to determine if Murdock wished to continue to reject any plea offers. A continuance was granted on February 16, 2018, and the jury trial was reset for April 23, 2018. (ECF No. 83).

A Second Superseding Indictment was filed on March 6, 2018, charging Murdock with one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, one count of aiding and abetting in the distribution of more than 50 grams of actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii), and 18 U.S.C. §

2, and one count of witness tampering, in violation of 18 U.S.C. § 1512(b)(1). (ECF No. 84). On March 15, 2018, the Government filed its Notice of Intention to Seek Enhancement Pursuant to 21 U.S.C. § 851(a)(1), and Murdock was arraigned on the Second Superseding Indictment, at which time he entered a plea of not guilty. (ECF Nos. 92, 93).

A three-day jury trial was held on April 23-25, 2018. (ECF Nos. 100, 102, 103, 143). The jury returned verdicts of guilty on all three counts charged in the Second Superseding Indictment. (ECF No. 109).

An initial Presentence Investigation Report ("PSR") was prepared by the United States Probation Office on August 24, 2018. (ECF No. 121). Timely objections to the PSR were made by both Murdock and the Government. (ECF Nos. 125, 128). The PSR was revised to resolve all the objections offered by the Government. (ECF No. 129-1, p. 1). Murdock's objection to the PSR's incorrect reference to a plea agreement in paragraph 23 resulted in revision to that paragraph. *Id*., p. 2. No changes to the PSR were made in response to Murdock's other objections. *Id*., pp. 2-4.

A final PSR was submitted to the Court on October 25, 2018. (ECF No. 129). The PSR determined that Murdock was accountable for 326.0389 grams of actual methamphetamine. *Id*., ¶¶ 33, 44. Based on that drug quantity, Murdock's base offense level on Count One, conspiracy to distribute methamphetamine, was determined to be 32. *Id*., ¶ 44. A two-level enhancement was applied as Murdock was determined to be an organizer, leader, manager, or supervisor of the criminal activity. *Id*., ¶ 47. A two-level enhancement was also applied for obstruction of justice. *Id*., ¶ 48. No reduction was given for acceptance of responsibility. *Id*., ¶ 51. Murdock's total

4

offense level was determined to be 36. *Id*., ¶ 52. Murdock had six criminal history points placing him in criminal history category III. *Id*., ¶ 58. The statutory maximum term of imprisonment on Count One (conspiracy to distribute methamphetamine) was 20 years; the mandatory minimum term of imprisonment on Count Two (distribution of more than 50 grams of actual methamphetamine) was 20 years, with the statutory maximum being life imprisonment; and the statutory maximum term of imprisonment on Count Three (witness tampering) was 20 years. *Id*., ¶ 80. Based upon a total offense level of 36 and a criminal history category of III, Murdock's advisory guidelines imprisonment range was reported to be 240 to 293 months. *Id*., ¶¶ 79, 81.

      Murdock appeared with his counsel for sentencing on June 12, 2019. (ECF Nos. 134, 144). Upon inquiry by the Court, Murdock stated that he was satisfied with his counsel. (ECF No. 144, p. 5). The Government moved to withdraw its notice of intent to seek a § 851(a)(1) enhancement, and the Court granted the motion. *Id*., p. 12. This resulted in a mandatory minimum sentence of 10 years, instead of 20 years, on Count Two. *Id*., pp. 12-13. The Court determined that Murdock had an opportunity to read and discuss the PSR and revisions with his counsel. *Id*., pp. 14. The Court noted that the Government's objections to the initial PSR had been resolved by the Probation Officer, which the Court found to be appropriate. *Id*., pp. 14-16. The Court then addressed Murdock's 11 objections to the PSR, finding they had all been properly addressed by the Probation Officer and that no further changes to the PSR were warranted, except that the guidelines range should be adjusted from 240-293 months imprisonment down to 235-293 months imprisonment because of the Government's withdrawal of the § 851(a)(1) enhancement. *Id*., pp. 16-27. The Court then summarized the guidelines range and statutory penalties, to which counsel agreed. *Id*.,

5

pp. 27-29.

Following argument from counsel and a brief statement from Murdock, the Court discussed the § 3553(a) factors and found that no downward departure or variance was warranted. (ECF No. 144, p. 41-44). The Court imposed a low-end guidelines sentence of 240 months imprisonment on each count of conviction, to run concurrently, followed by five years[1] of supervised release, no fine, no restitution, and a $100 special assessment on each count of conviction. (ECF No. 134; ECF No. 144, pp. 43-44). Judgment was entered by the Court on June 20, 2019. (ECF No. 136).

Murdock timely filed a direct appeal to the Eighth Circuit Court of Appeals. (ECF No. 138). Morrissey moved to withdraw and filed a brief under *Anders v. California*, 386 U.S. 738 (1967), arguing that Murdock's sentence was substantively unreasonable. (ECF No. 146-2). In a pro se brief, Murdock raised several issues related to the pre-trial proceedings, the trial, and sentencing. *Id*. In an Opinion and Judgment filed on March 16, 2020, the Eighth Circuit affirmed Murdock's convictions and sentences. *Id*. The Mandate from the Eighth Circuit issued on June 25, 2020.[2] (ECF No. 146).

On July 7, 2021, Murdock filed his § 2255 motion now before the Court.[3] (ECF No. 151). The motion asserts three grounds for relief: (1) ineffective assistance of counsel for interfering

---

[1] Murdock was sentenced to three years supervised release on Counts One and Three, while five years of supervised released was imposed on Count Two, all to run concurrently. (ECF No. 144, pp. 43-44).
[2] When no petition for rehearing is filed, a court of appeals' mandate issues 21 days after the entry of judgment. See Fed. Rules App. Proc. 40(a)(1) and 41(b). Here, as reflected in the Eighth Circuit's docket report, Case No. 19-2354, Murdock sought and obtained three extensions of time to file a petition for rehearing, then sought and was denied a fourth extension. No petition for rehearing was ever filed.
[3] The docket report reflects a filing date of July 13, 2021, but Murdock declared under penalty of perjury that his § 2255 motion was placed in the prison mailing system on July 7, 2021, so by virtue of the "prison mailbox rule" his filing is considered to have been made on July 7, 2021. Rule 3(d), Rules Governing Section 2255 Proceedings.

with Murdock's speedy trial rights; (2) ineffective assistance of counsel for failing to seek suppression of inculpatory audiovisual evidence; and (3) ineffective assistance of counsel for failing to contact, interview, and present available exculpatory witnesses at trial. *Id*. The United States responded to the motion on August 11, 2021. (ECF No. 153). Murdock did not file a reply.

## II. DISCUSSION

"A prisoner in custody under sentence ... claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). A thorough review of Murdock's § 2255 motion and the files and records of this case conclusively shows that Murdock is not entitled to relief, and the denial and dismissal of his § 2255 motion with prejudice is recommended.

### A. Timeliness

The Government first argues that Murdock's § 2255 motion should be denied because it was filed outside of the one-year limitation period. (ECF No. 153, pp. 5-7).

7

A one-year period of limitation applies to motions under 28 U.S.C. § 2255. This period runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or, (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

The operative date in this case is "the date on which the judgment of conviction becomes final," as Murdock raises no issue regarding any impediment created by Government action to making his motion, he asserts no right newly recognized by the Supreme Court made retroactive to cases on collateral review, and he makes no claim based on newly discovered evidence.

To start the clock on § 2255's one-year limitation period, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction. *Clay v. United States*, 537 U.S. 522, 525 (2003). In the instant case, Judgment was entered on June 20, 2019. (ECF No. 136). The Eighth Circuit Court of Appeals affirmed in an Opinion issued on March 16, 2020. (ECF No. 146-2). Murdock did not file a petition for a writ of certiorari in the United States Supreme Court. The time in which he could have petitioned for certiorari expired on June 14, 2020, which is 90 days after entry of the Eighth Circuit's judgment. See Sup.Ct.R. 13.1. From that date, Murdock had one year, or until

June 14, 2021, to timely file a § 2255 habeas petition. Murdock filed his § 2255 motion on July 7, 2021, which is 23 days after the limitations period expired.

Timeliness is crucial to the consideration of a motion made under § 2255. *See, e.g., Alsup v. United States*, No. 09-3266-CV-S-RED, 2010 WL 376990, at pp. 2-3, (W.D. Mo. Jan. 26, 2010) (unpublished) (granting the Government's motion to dismiss petitioner's § 2255 motion where the motion was filed *one day* out of time). *See also United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) ("Foreclosing litigants from bringing their claim because they missed the filing deadline by one day may seem harsh, but courts have to draw lines somewhere, statutes of limitation protect important social interests (internal citation omitted), and limitation periods work both ways - you can be sure [petitioner] would not be pooh-poohing the prosecution's tardiness if he had been indicted one day after the statute of limitations expired for his crimes."). Here, of course, we are not dealing with Murdock just missing the limitations deadline by one day, but by a period of over three weeks. Consequently, unless either statutory or equitable tolling applies, the Court lacks jurisdiction to consider the merits of Murdock's claims and his § 2255 motion should be summarily dismissed.

**1. Statutory Tolling**

As previously noted, the one-year period within which to file a § 2255 motion may, in an appropriate case, begin on the date on which an impediment created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme

9

Court and made retroactively applicable to cases on collateral review; or, from the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(2)-(4). Murdock's § 2255 motion offers nothing in support of any of these statutory grounds to extend the one-year limitations period.

### 2. Equitable Tolling

The Eighth Circuit has held that the doctrine of equitable tolling is available to a § 2255 movant, but only "under limited conditions, for example, where extraordinary circumstances beyond a prisoner's control prevent the timely filing." *Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001); *United States v. Martin*, 408 F.3d 1089, 1092 (8th Cir. 2005). The use of equitable procedures should be infrequent, *Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002), and will not be applied if the habeas movant has not diligently pursued his rights, *Finch v. Miller*, 491 F.3d 424, 427 (8th Cir. 2007). "Equitable tolling is an exceedingly narrow window of relief." *Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005).

Murdock offers no explanation why the one-year limitation period does not bar his motion. (ECF No. 151, p. 10). He has not alleged that any extraordinary circumstances beyond his control prevented a timely filing of his § 2255 motion. He does not allege that the Government somehow lulled him into inaction. He does not refer to any extraordinary circumstances, attributable to the Government or to any other external cause, that prevented him from timely filing his § 2255 motion. Nor has Murdock shown that he exercised due diligence in the pursuit of his rights. He now asserts three claims of ineffective assistance of counsel at trial, and any facts supporting these claims would have been known to him at the time of trial and could have been raised during the

one-year limitations period. He alleges no new facts that would explain a delay in bringing his claims. Thus, he has failed to allege and establish any factual basis whatsoever to fit within the "exceedingly narrow window of relief" that equitable tolling provides, and his § 2255 motion should be dismissed as untimely.

Even if the Court were to consider Murdock's claims, they have no merit.

### B. Standards for Ineffective Assistance of Counsel Claims

To prove a claim of ineffective assistance of counsel, a criminal defendant must demonstrate both that counsel's performance was deficient, and that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish the deficient performance prong of the *Strickland* test, one must show that counsel's representation fell below the "range of competence demanded of attorneys in criminal cases." *Id*. at 688. Review of counsel's performance is highly deferential, and there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689. Moreover, "[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 690). Courts also "do not use hindsight to question counsel's performance," but instead must analyze it according to counsel's situation at the time of the allegedly incompetent act or omission. *Kenley v. Armontrout*, 937 F.2d 1298, 1303 (8th Cir. 1991). If one fails to establish deficient performance by counsel, the court need proceed no further in its analysis of an ineffective assistance of counsel claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

To establish the prejudice prong of the *Strickland* test, one must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694. The United States Supreme Court has clarified that the proper prejudice analysis is whether "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) (quoting *Strickland*, 466 U.S. at 687).

### C. Ground One – Interference with Speedy Trial Right

For his first ground for relief, Murdock asserts ineffective assistance of counsel due to his counsel's interference with his desire for a speedy trial. (ECF No. 151, p. 4). He alleges he clearly conveyed his desire for a speedy trial to his counsel, and that counsel "was constitutionally deficient for ignoring [his] decision to exercise his right to a speedy trial and for surreptitiously filing numerous motions to continue the trial in this matter." *Id*. He states that defense counsel's actions delayed his trial from October 26, 2016, when he faced only one count in the original Indictment, until April 23, 2018, when he was finally tried on the Second Superseding Indictment charging him with three counts. *Id*. The Government contends Murdock previously raised this issue in his direct appeal, that it was addressed and rejected by the Eighth Circuit, and that he is precluded from raising the issue again in this § 2255 proceeding. The Court agrees.

Murdock asserted a speedy trial violation on direct appeal. In his supplemental pro se brief, he argued that his right "to be given trial properly" was violated due to motions and continuances being filed without his consent. Supplemental/Letter Brief at 2, *United States v. Murdock*, No. 19-2354 (8th Cir. Oct. 16, 2019). The Eighth Circuit addressed this claim in its Opinion, stating that,

12

"[t]o the extent [Murdock] raises speedy-trial claims, he waived any argument that his rights under the Speedy Trial Act were violated by failing to assert those rights prior to trial," citing *United States v. Jones*, 795 F.3d 791, 798 (8th Cir. 2015), and on plain-error review, it concluded there was no violation of his Sixth Amendment rights. (ECF No. 146-2, p. 2).

Murdock now raises the issue again in the form of an ineffective assistance of counsel claim. He may not do so. "It is well settled that claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2855." *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003) (quoting *United States v. Shabazz*, 657 F.2d 189, 190 (8th Cir. 1981)). See also *United States v. Davis*, 406 F.3d 505, 511 (8th Cir. 2005) ("we find the present claim to be the same claim in different clothes, and we will not reconsider the issue on collateral review"); *Withrow v. Williams*, 507 U.S. 680, 721 (1993) (Scalia, J., concurring opinion) ("[s]ince *Kaufman*[4] federal courts have uniformly held that, absent countervailing considerations, district courts may refuse to reach the merits of a constitutional claim previously raised and rejected on direct appeal"); *Loc Huu Bui v. United States*, 2014 WL 582954, at *8 (E.D.N.C. 2014) ("a petitioner may not circumvent an adverse ruling on direct appeal by recasting it as an ineffective assistance of counsel claim"); and, *Dowdell v. United States*, 859 F.Supp.2d 176, 179 (D.Mass. 2012) ("[i]t is settled law that a petitioner may not revive claims already decided on direct appeal by cloaking them in 'ineffective assistance of counsel' garb in a § 2255 petition").

Murdock's speedy trial claim was raised and decided adversely to him on direct appeal. He may not re-litigate the claim as an ineffective assistance of counsel claim in this § 2255

---

4 *Kaufman v. United States*, 394 U.S. 217 (1969).

proceeding. Murdock's first ground for relief should be denied.

### D. Ground Two - Failure to Move for Suppression of Audio/Video Evidence

For his second ground for relief, Murdock claims his counsel was constitutionally deficient when he "failed to seek to suppress inculpatory audio video evidence." (ECF No. 151, p. 5). He alleges counsel failed to seek suppression of inculpatory audio/video evidence which counsel "had reason to know was edited in a manner which gave a false impression that Mr. Murdock was guilty." *Id*. The record belies this claim, and Murdock shows neither deficient performance by counsel nor any prejudice.

When an ineffective assistance of counsel claim is based on counsel's failure to file a motion to suppress evidence, the claimant must prove that the motion to suppress would have been meritorious. *United States v. Luke*, 686 F.3d 600, 605 (8th Cir. 2012) (citing *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986)).

Murdock does not explain how the audio/video evidence was edited to give a false impression of his guilt, nor does he explain how his counsel had reason to know of any such improper editing. He provides no evidence of any alterations to the audio/video evidence, but instead makes only vague, self-serving, and conclusory statements which are insufficient to support § 2255 relief. *See Hollis v. United States*, 796 F.2d 1043, 1046 (8th Cir. 1986) (vague and conclusory allegations are insufficient to state a ground for relief under 28 U.S.C. § 2255); *Smith v. United States*, 677 F.2d 39, 41 (8th Cir. 1982) (conclusory allegations, unsupported by any specifics, are subject to summary dismissal); *Bryson v. United States*, 268 F.3d 560, 562 (8th Cir. 2001) (brief, conclusory allegations that failed to cite to the record insufficient to support claims

14

of ineffective assistance of counsel). Even *pro se* litigants must state specific facts in support of their claims regarding counsel's allegedly deficient performance. *Saunders v. United States*, 236 F.3d 950, 952-53 (8th Cir. 2001). Murdock does not.

Moreover, the trial record does not support Murdock's claim. The audio/video evidence Murdock refers to is a recording made by a cooperating individual of a meeting on March 13, 2016, between Murdock and his two co-defendants, Dorn and Webb, during which they discuss drug transactions. (ECF No. 143, pp. 27-33, 145; Gov't. Exhibit 26). Homeland Security Special Agent Roger Danner ("Danner") testified about how the recording was obtained, explaining that a cooperating individual contacted law enforcement regarding eight ounces of methamphetamine that Dorn had dropped off at her apartment in Hot Springs, Arkansas, for Webb to pick up, and the steps then taken by law enforcement to investigate, including the use of a "surveillance platform," an audio/video recording device much like a cell phone, used to record the events when Webb arrived to pick up the methamphetamine. *Id*., pp. 26-28, 31-32. Danner stated Webb showed up some hours later, and Murdock and Dorn arrived about 20 minutes after that, and this was all captured on the recording equipment. *Id*., p. 32.

The audio/video recording at issue is approximately three hours in length, and Danner testified he had viewed it multiple times. (ECF No. 143, pp. 55, 215). Danner also testified the recording accurately depicted the events that occurred on March 13, 2016. *Id*., p. 215. Earlier in the trial, during defense counsel's cross-examination of Webb, Morrissey began asking questions about the recording, at which point counsel for the Government objected that defense counsel was testifying about the recording which had not yet been played for the jury. Noting that the recording

15

would be played for the jury, the Court then stated, "they can make up their mind who said what and when they said it and what they did." *Id*., p. 141. Danner prepared a transcript of the recording from the time Webb arrived at the apartment until the time Murdock and Dorn left the apartment, which he stated fairly and accurately represented what was said during the encounter. *Id*., p. 216; Gov't. Exhibit 27. When this transcript was offered into evidence, Morrissey requested that the jury be instructed to give it the proper weight - that the best evidence of what transpired was the audio/video recording itself - and that the transcript was Danner's, and the Court so noted this for the jury. *Id*., pp. 216-217. At that point, Danner played the audio/video recording for the jury. He explained that he was fast-forwarding it to the point when Webb arrived at the apartment, because everything preceding that was just the cooperating individuals talking about shopping and other irrelevant material. *Id*., p. 218. As the recording played for the jury, Danner would periodically stop it to provide some testimony regarding the events taking place. *Id*., pp. 219-223.

Webb, who acknowledged viewing the recording and reviewing the transcript made from the recording, confirmed in his trial testimony that the video shows him and Murdock discussing drug transactions. (ECF No. 143, p. 145). He recognized the disk containing the recording because he had previously watched it and placed his initials on the disk. *Id*.

Nothing in the record supports Murdock's allegation that the recording had been altered or edited in a manner to give a false impression that he was guilty. To the contrary, the recording accurately depicted Murdock's involvement in the drug trafficking activities. Without evidence to support an allegation that the recording had been altered, edited, or tampered with, Morrissey cannot be faulted for failing to make a motion to suppress. It cannot be ineffective assistance not

16

to raise a meritless argument. *Larson v. United States*, 905 F.2d 218, 219 (8th Cir. 1990); *Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994).

Accordingly, Murdock's second ground for relief should be denied.

### E. Ground Three - Failure to Present Exculpatory Witnesses

For his third ground for relief, Murdock asserts ineffective assistance of counsel for failing to contact, interview, and present available exculpatory witnesses at trial. (ECF No. 151, p. 6). For supporting facts, he merely alleges that counsel "failed to contact, interview and present the main available exculpatory witnesses in this matter." *Id*. Murdock fails to identify his purported defense witnesses or provide the substance of their testimony, and this is fatal to his claim.

Murdock's scant allegations are insufficient to raise any issue as to whether Morrissey's failure to call defense witnesses constituted ineffective assistance of counsel. "Without knowing who [Murdock] would have had counsel call as witnesses and what their testimony in his defense might have been, it is not possible for us – or anyone – to determine whether counsel's failure to identify (assuming trial counsel in fact failed to identify these witnesses) or to call such witnesses was reasonable at the time of trial." *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001) (citing *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000)). "Further, the lack of specificity as to both the identity of the conjectural witnesses and the content of their testimony prevents us from assessing whether there was prejudice to [Murdock's] defense as the result of counsel's performance, that is, whether there is a reasonable probability that the outcome would have been different but for counsel's alleged failings." *Saunders*, 236 F.3d at 952-53 (citing *McCauley-Bey v. Delo*, 97 F.3d 1104, 1106 (8th Cir. 1996), *cert. denied*, 520 U.S. 1178 (1997)).

17

When applying the prejudice prong of the *Strickland* analysis to a defense lawyer's decision not to call a witness, courts assess: "(1) the credibility of all witnesses, including the likely impeachment of the uncalled defense witnesses; (2) the interplay of the uncalled witnesses with the actual defense witnesses called; and (3) the strength of the evidence actually presented by the prosecution." *Woods v. Norman*, 825 F.3d 390, 395-96 (8th Cir. 2016) (quoting *McCauley-Bey v. Delo*, 97 F.3d at 1106). As the Eighth Circuit had earlier observed in *Saunders*, 236 F.3d at 953, there is no way to consider the credibility of "phantom witnesses," leaving the court only to consider "the strength of the evidence actually presented by the prosecution." And here, the proof of Murdock's guilt at trial was overwhelming, including the audio/video evidence of his drug trafficking activities and the testimony of both his co-conspirators.

Moreover, the decision not to call a witness is a "virtually unchallengeable" decision of trial strategy. *See Ford v. United States*, 917 F.3d 1015, 1024 (8th Cir. 2019) (citing *United States v. Staples*, 410 F.3d 484, 488 (8th Cir. 2005)). This is so, in part, because "there is considerable risk inherent in calling any witness because if the witness does not hold up well on cross-examination, the jurors might draw unfavorable inferences." *Rodela-Aguilar v. United States*, 596 F.3d 457, 464 (8th Cir. 2010) (citing *Staples*, 410 F.3d at 488-89).

Murdock makes no showing of who the other "available exculpatory witnesses" could have been at trial, how they would have testified, or why such additional testimony would likely have affected the outcome of trial, and thus, he has failed to prove that his counsel's performance was deficient or prejudicial.

Murdock's third ground for relief should be denied.

### F.  No Evidentiary Hearing Is Warranted

A movant is not entitled to an evidentiary hearing on a § 2255 motion if "the motion and the files and records of the case conclusively show that the [movant] is entitled to no relief." *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) (quoting *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985)).  Such are the circumstances in this case where the record conclusively shows that Murdock's claims are untimely and lack merit.

### G.  No Certificate of Appealability is Warranted

A Certificate of Appealability may issue under 28 U.S.C.§ 2253 only if the applicant has made a substantial showing of the denial of a constitutional right.  A "substantial showing" is one demonstrating that reasonable jurists could debate whether the petition should have been resolved in a different manner or the issues presented deserved further proceedings even though the petitioner did not prevail on the merits in the court considering his case.  *Slack v. McDaniel*, 529 U.S. 473 (2000).  Murdock has not made a substantial showing of the denial of a constitutional right, and a Certificate of Appealability should be denied.

### III.  CONCLUSION

For the reasons and upon the authorities discussed above, Murdock's § 2255 motion is untimely and subject to summary dismissal.  Further, his speedy trial claim was decided adversely to him on direct appeal, and he may not raise the issue again in this § 2255 proceeding.  His claims of ineffective assistance of counsel find no support in the record.

It is recommended that Murdock's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 151) be **DISMISSED with**

**PREJUDICE**.  It is further recommended that a request for a Certificate of Appealability be denied.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 7th day of February 2022.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE