IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                                              PLAINTIFF

v.                                   Case No. 6:16-cr-60015-001

RASHEEN MURDOCK                                                                       DEFENDANT

## ORDER

Before the Court is a Report and Recommendation issued by the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas. ECF No. 154. Defendant Rasheen Murdock has filed an objection. ECF No. 155. The Court find the matter ripe for consideration.

### I. BACKGROUND

On May 11, 2016, Defendant was indicted on one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. ECF No. 1. Counsel for Defendant subsequently filed a series of motions (ECF Nos. 31, 42, 51, 55) to continue the trial in this matter to allow time for plea discussions and negotiations, which the Court granted. On September 13, 2017, a Superseding Indictment was filed, which added a count of aiding and abetting in the distribution of more than 50 grams of actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii), and 18 U.S.C. § 2. ECF No. 57.

Counsel for Defendant moved for additional continuances (ECF Nos. 61, 66, 82), which the Court granted. On March 6, 2018, a Second Superseding Indictment was filed, which added one count of witness tampering, in violation of 18 U.S.C. § 1512(b)(1). ECF No. 84. Defendant's trial commenced on April 23, 2018. ECF Nos. 100, 102, 103, 143. Defendant was found guilty on all three counts of the Second Superseding Indictment. ECF No. 109. Defendant was

subsequently sentenced to 240 months imprisonment with credit for time served in federal custody, five years supervised release, and a $100 special assessment. ECF Nos. 134, 136, 137.

On June 26, 2019, Defendant appealed his conviction to the Eighth Circuit Court of Appeals. ECF No. 138. The Eighth Circuit denied Defendant's appeal with a judgment and opinion filed on March 16, 2020. ECF Nos. 146, 146-1, 146-2. The Mandate from the Eighth Circuit issued on June 25, 2020. ECF No. 146.

On July 13, 2021, Defendant filed a Motion to Vacate pursuant to 28 U.S.C. § 2255. ECF No. 151. The Government responded in opposition. ECF No. 153. On February 7, 2022, the instant Report and Recommendation was issued. ECF No. 154. On February 16, 2022, Defendant filed his Objection to Judge Ford's Report and Recommendation. ECF No. 155.

## II. DISCUSSION

Defendant's Motion to Vacate asserts three grounds for relief related to ineffective assistance of counsel: (1) interfering with his speedy trial rights; (2) failure to suppress inculpatory evidence; and (3) failure to present available exculpatory witnesses at trial. ECF No. 151.

Judge Ford's Report and Recommendation recommends that Defendant's Motion to Vacate be denied and dismissed with prejudice and that any request for a Certificate of Appealability be denied. ECF No. 154, p. 19-20. Judge Ford argues that Defendant's § 2255 motion is untimely and that his claims of ineffective assistance of counsel have either been previously adjudicated on direct appeal or have no support in the record. *Id*. at p. 19.

Defendant filed a single objection to Judge Ford's recommendation. ECF No. 155. Defendant argues that his motion was timely filed and subject to review on the merits. *Id*.

Pursuant to 28 U.S.C. § 636(b)(1), the Court will conduct a *de novo* review of the issues related to any specific and timely objection made by Defendant to Judge Ford's recommendation.

*See also Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (timely objections shift a court's review from one which scrutinizes for plain error to one in which the issues are reviewed *de novo*).

**A. Timeliness**

Judge Ford concludes that Defendant's motion should fail because it was filed outside of the one-year limitation period and therefore time barred. ECF No. 154, p. 7-11. Judge Ford first notes that a one-year limitation period applied to motions under § 2255, usually beginning on the date a judgment of conviction becomes final. *Id*. at p. 7-8. Judge Ford further notes that the date Defendant's judgment became final was June 14, 2020, which was the deadline to petition the Supreme Court for a writ of certiorari challenging the Eighth Circuit's judgment denying Defendant's appeal on March 16, 2020. *Id*. at p. 8-9. Judge Ford concludes that Defendant's date of filing his § 2255 motion, July 7, 2021, is beyond the one-year deadline and thus Defendant's motion is untimely. *Id*. Judge Ford also determines that there are no statutory or equitable tolling arguments presented by Defendant in his motion that could justify extending the standard one-year deadline of June 14, 2021. *Id*. at p. 9-10.

Defendant's lone objection argues that his § 2255 motion is timely and should be reviewed on the merits. ECF No. 155, p. 1-3. Defendant concedes that under normal circumstances the ninety-day period in which he had to petition the Supreme Court for a writ of certiorari would have ended on September 14, 2020. *Id*. at p. 2-3. However, Defendant notes that the Supreme Court issued an Order[1] on March 19, 2020, which stated that all current deadlines for petitioning for certiorari that fell on that date or after would be extended from ninety days to one-hundred fifty days after a judgment became final. *Id*. Defendant contends that this extension moved his deadline

---

[1] Miscellaneous Order, March 19, 2020, https://www.supremecourt.gov/orders/courtorders/031920zr_d1o3.pdf. ("IT IS ORDERED that the deadline to file any petition for a writ of certiorari due on or after the date of this order is extended to 150 days from the date of the lower court judgment, order denying discretionary review, or order denying a timely petition for rehearing. See Rules 13.1 and 13.3.")

to petition for certiorari to August 13, 2020, which would move the adjusted one-year deadline for his § 2255 motion to August 13, 2021. *Id*. Therefore, Defendant concludes that he clearly filed his § 2255 motion within the one-year period on July 7, 2021, and that his motion can be reviewed on the merits. *Id*. at p. 3.

An individual confined pursuant to a criminal conviction under an Act of Congress may move to vacate the sentence by claiming that the sentence was imposed in violation of the Constitution or other law of the United States. 28 U.S.C. § 2255(a). There is a one-year period of limitation to make a motion under § 2255 that begins on "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). A judgment of conviction becomes final when the time to file a petition for certiorari that contests an appellate court's confirmation of a conviction expires. *Clay v. United States*, 537 U.S. 522, 525 (2003). The time period in which a defendant has to petition for certiorari is typically ninety days from the date of an appellate court's confirmation of a conviction. Sup Ct. R. 13.1.

The Court finds that Defendant's objection is correct and that his § 2255 is timely. Judge Ford is correct that Defendant would normally have ninety days to petition for certiorari from the date his conviction was confirmed by the Eighth Circuit. Defendant's judgment of conviction would typically become final ninety days after the issuance of the Eighth Circuit's judgment denying Defendant's appeal of his conviction on March 16, 2020. Thus, the deadline to petition for certiorari would have been June 14, 2020. However, Judge Ford did not consider the Order issued by the Supreme Court on March 19, 2020, which extended the time periods to petition for certiorari that had yet to elapse from ninety days to one hundred fifty days. Defendant's deadline to petition for certiorari was subject to the Supreme Court's Order extending the deadline because the Eighth Circuit confirmed his conviction on appeal only three days prior. The extension gave

Defendant an additional sixty days, or until August 13, 2020, in which he could petition for certiorari. The one-year period in which Defendant could move under § 2255 correspondingly shifted to end on August 13, 2021. Defendant filed his § 2255 motion on July 7, 2021. Therefore, Defendant filed his motion within one year of his conviction becoming final. Accordingly, Defendant's § 2255 is timely and can be evaluated on the merits.

### B. Substantive Issues in § 2255 Motion

Judge Ford concludes that even if Defendant's motion could be evaluated on the merits, it must still fail. ECF No. 154, p. 11-18. Judge Ford determines that Defendant's first ground for relief, that his counsel was ineffective for interfering with his speedy trial rights, was already addressed during his initial appeal of his conviction and cannot be relitigated in a § 2255 motion. *Id*. at p. 12-14. As to Defendant's second ground for relief, that his counsel was ineffective for failing to move to suppress certain evidence, Judge Ford determines that Defendant has failed to demonstrate in any way that a motion to suppress the evidence would be meritorious. *Id*. at p. 14-17. For Defendant's final ground for relief, that his counsel was ineffective for failing to present exculpatory witnesses, Judge Ford determines that Defendant has failed to show what exculpatory testimony the unnamed witness could have provided and that this ground for relief is meritless. *Id*. at p. 17-18. Judge Ford recommends that the Court dismiss Defendant's § 2255 motion with prejudice. *Id*. at p. 19-20. Judge Ford also recommends that no hearing is warranted for Defendant's motion and that no Certificate for Appealability under 18 U.S.C. § 2253 should be issued because Defendant failed to make a substantial showing of the denial of a constitutional right. *Id*. at p. 19.

Defendant made no objections to any of Judge Ford's analysis or recommendations regarding the merits of his § 2255 motion. Accordingly, the Court reviews these recommendations

for plain error. *See Griffini*, 31 F.3d at 692 (without a specific objection, review of a magistrate judge's finding is for plain error). Upon review, the Court finds Judge Fords' recommendations as to the merits of Defendant's § 2255 are sound and the Court finds no plain error. Therefore, the Court adopts Judge Ford's recommendations regarding the merits of Defendant's motion.

### III. CONCLUSION

For the reasons stated above, the Court adopts Judge Ford's Report and Recommendation (ECF No. 154) in all aspects except for Judge Ford's analysis and conclusion regarding the timeliness of Defendant's § 2255 motion. Accordingly, the Court finds that Defendant's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 151) should be and hereby is **DENIED WITH PREJUDICE**. No Certificate of Appealability under 18 U.S.C. § 2253 shall be issued.

**IT IS SO ORDERED**, this 27th day of April, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

for plain error. *See Griffini*, 31 F.3d at 692 (without a specific objection, review of a magistrate judge's finding is for plain error). Upon review, the Court finds Judge Fords' recommendations as to the merits of Defendant's § 2255 are sound and the Court finds no plain error. Therefore, the Court adopts Judge Ford's recommendations regarding the merits of Defendant's motion.

### III. CONCLUSION

For the reasons stated above, the Court adopts Judge Ford's Report and Recommendation (ECF No. 154) in all aspects except for Judge Ford's analysis and conclusion regarding the timeliness of Defendant's § 2255 motion. Accordingly, the Court finds that Defendant's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 151) should be and hereby is **DENIED WITH PREJUDICE**. No Certificate of Appealability under 18 U.S.C. § 2253 shall be issued.

**IT IS SO ORDERED**, this 27th day of April, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge